**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **DATABASE SYNC SOLUTIONS LLC,** | |
| Plaintiff, | Case No. 2:13-cv-214 |
| v. | **PATENT CASE** |
| **INTERNATIONAL BUSINESS** **MACHINES CORPORATION,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Database Sync Solutions LLC files this Complaint against International Business Machines Corporation, for infringement of United States Patent No. 7,461,071 (the "'071 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Database Sync is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Database Sync Solutions LLC ("Plaintiff" or "Database Sync") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

4. Upon information and belief, Defendant International Business Machines Corporation ("Defendant" or "IBM") is a New York corporation with its principal office located at North Castle Drive, Armonk, New York 10504.  This Court has personal jurisdiction over

IBM because IBM has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5.      On information and belief, IBM's products that are alleged herein to infringe were and/or continue to be made, used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because IBM is deemed to reside in this district.  In addition, and in the alternative, IBM has committed acts of infringement in this district.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,461,071)

7.      Database Sync incorporates paragraphs 1 through 6 herein by reference.

8.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9.      Database Sync has an exclusive license to the '071 Patent with rights to enforce the '071 Patent, sue infringers, and recover damages.

10.     A copy of the '071 Patent, titled "Distributed Management Framework for Personal Attributes," is attached hereto as Exhibit A.

11.     The '071 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12.     Upon information and belief, IBM has directly infringed and continues to directly infringe one or more claims of the '071 Patent, including at least claim 1, by making, having

made, using, selling, offering for sale and/or importing into the United States instrumentalities that are covered by one or more claims of the '071 Patent, including without limitation the IBM Tivoli Federated Identity Management product.

13.     Based on the information presently available to Database Sync, absent discovery, and in the alternative to direct infringement, Database Sync contends that IBM has and continues to indirectly infringe one or more claims of the '071 Patent, including at least claim 1, by inducing others (*e.g.*, end users of IBM Tivoli Federated Identity Management) to use patented methods of the '071 Patent, in violation of one or more claims of the '071 Patent, as supported by the following:

a.   IBM has been on notice of the '071 Patent since at least service of this action. In accordance with Fed. R. Civ. P. 11(b)(3), Database Sync will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

b.   Upon information and belief, since IBM has been on notice of the '071 Patent, IBM has knowingly induced infringement of the '071 Patent, including at least claim 1 of the '071 Patent.

c.   Upon information and belief, IBM possessed specific intent to encourage others' infringement, and knew or should have known that its actions would induce actual infringement of the '071 Patent, including at least claim 1 of the '071 Patent.

d.   IBM provides support and user manuals to users of IBM Tivoli Federated Identity Management.

made, using, selling, offering for sale and/or importing into the United States instrumentalities that are covered by one or more claims of the '071 Patent, including without limitation the IBM Tivoli Federated Identity Management product.

13.     Based on the information presently available to Database Sync, absent discovery, and in the alternative to direct infringement, Database Sync contends that IBM has and continues to indirectly infringe one or more claims of the '071 Patent, including at least claim 1, by inducing others (*e.g.*, end users of IBM Tivoli Federated Identity Management) to use patented methods of the '071 Patent, in violation of one or more claims of the '071 Patent, as supported by the following:

a.   IBM has been on notice of the '071 Patent since at least service of this action. In accordance with Fed. R. Civ. P. 11(b)(3), Database Sync will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

b.   Upon information and belief, since IBM has been on notice of the '071 Patent, IBM has knowingly induced infringement of the '071 Patent, including at least claim 1 of the '071 Patent.

c.   Upon information and belief, IBM possessed specific intent to encourage others' infringement, and knew or should have known that its actions would induce actual infringement of the '071 Patent, including at least claim 1 of the '071 Patent.

d.   IBM provides support and user manuals to users of IBM Tivoli Federated Identity Management.

e.  IBM has not produced any evidence as to any investigation or design around, or that any remedial action was taken with respect to the '071 Patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Database Sync will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

14.  Database Sync is in compliance with 35 U.S.C. § 287.

15.  This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

16.  IBM's actions complained of herein are causing irreparable harm and monetary damage to Database Sync and will continue to do so unless and until IBM is enjoined and restrained by this Court.

## DEMAND FOR JURY TRIAL

Database Sync, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Database Sync respectfully requests the Court to:

a)  Enter judgment for Database Sync on this Complaint on all causes of action asserted herein;

b)  Enjoin IBM, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with IBM who receive notice of the order from further infringement of United States Patent No. 7,461,071;

c)  Award Database Sync damages resulting from IBM's infringement in accordance with 35 U.S.C. § 284;

d)  Enter judgment that IBM accounts for and pays to Database Sync a reasonable royalty because of IBM's past, present and future infringing activities and other conduct complained of herein;

e)  Award Database Sync pre-judgment and post-judgment interest and costs;

f)  Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

g)  Find the case to be exceptional under the provisions of 35 U.S.C. § 285; and

h)  Award Database Sync such further relief to which the Court finds Database Sync entitled under law or equity.


Dated: March 15, 2013                    Respectfully submitted,


                                         _/s/ Craig Tadlock_____
                                         Craig Tadlock
                                         State Bar No. 00791766
                                         Keith Smiley
                                         State Bar No. 24067869
                                         TADLOCK LAW FIRM PLLC
                                         2701 Dallas Parkway, Suite 360
                                         Plano, Texas 75093
                                         903-730-6789
                                         craig@tadlocklawfirm.com
                                         keith@tadlocklawfirm.com

                                         **Attorneys for Plaintiff Database Sync Solutions LLC**