**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DATABASE SYNC SOLUTIONS LLC § <br> § <br> v. § <br> § <br> INTERNATIONAL BUSINESS § <br> MACHINES CORPORATION § | Case No. 2:13-CV-214- JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is International Business Machines Corporation's ("IBM") Motion to Transfer Venue to the Northern District of California (Dkt. 30, filed March 6, 2014). IBM argues that the Northern District of California is a clearly more convenient forum for this case. Plaintiff DSS opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that IBM has failed to carry its burden of showing that the Northern District of California is a clearly more convenient venue for this case.

**APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d

1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

A.   **Proper Venue**

Neither party disputes that venue is proper either in the Eastern District of Texas or the Northern District of California as to DSS and IBM.

B.   **Private Interest Factors**

   1.   **Cost of Attendance for Willing Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

IBM's motion sets forth a series of statements alleging that the convenience prong weighs in favor of transfer. However, it is clear to the Court that many of the statements in IBM's Motion are – at best – incomplete. For example, IBM's declarant identifies three parties with "decision making responsibilities" as to the accused product. (Dkt. 21-2 at 1.) IBM's Motion focuses much energy on the fact that one of those three decision makers is located in the Northern District of California. (*See, e.g.*, Mot. at 4-5.) However, IBM fails to disclose to the Court in its Motion that the other two decision makers are located in Austin, Texas: over a thousand miles closer to this District than to the Northern District of California. The remaining

potential party witnesses identified by IBM appear to be geographically scattered, with several residing closer to the Eastern District of Texas ("roughly ten or twenty" employees in Austin that formerly worked on the design and development of the accused product prior to 2013, and "at most six" thereafter) and at least one that is closer to the Northern District of California. (Dkt. 21-2 at 2; Dkt. 30 at 12-13.) For its part, DSS identifies some allegedly relevant party witnesses that reside closer to the Eastern District of Texas than to the Northern District of California, although it is not clear how important these witnesses will be to this case.[1] While IBM identifies several third party witnesses, it appears that the only of those witnesses with information relevant to case are likely to be the two named inventors of the patent-in-suit, who were at one time affiliated with a company named "YOUnite." Neither party seems to dispute that the two inventors likely reside closer to the Northern District of California than the Eastern District of Texas.

The Court finds that whatever relevant party witnesses DSS has are likely within the Eastern District of Texas. The named inventors of the suit appear to be located in or near the Northern District of California. Two of the three "decision makers" on the accused product – who appear to be, by far, the most relevant witnesses in the case – as well as several other persons with substantive experience with and knowledge of the development of the accused product, are all substantially closer to the Eastern District of Texas than to the Northern District of California. IBM has failed to show that this factor favors transfer.

---

[1] IBM also alleges that DSS's presence in this District is solely to manipulate venue, but there is no evidence that that is the case. Indeed, DSS's headquarters, like many other technology-oriented businesses, is located in a major metropolitan area, and is mere miles from an IBM office housing nearly 300 employees. (*See* Dkt. 30 at 5.) The Court also observes that, while it is of minimal relevance for the instant analysis, IBM's statements about the principal location of DSS appear to be flatly incorrect, and even the documents cited by IBM clearly demonstrate the inaccuracy of those contentions. (Dkt. 22-1.)

## 2. Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

IBM's Motion states that it does not know of any documentary evidence in the Eastern District, and also states that "[s]ignificant documents are also kept within the Northern District of California." (Mot. at 5.) What IBM omits from its Motion, however, is the fact that its master source code repository for the accused product is located in Austin, TX and IBM's electronic documents are stored on three different servers: Austin, TX, Poughskeepsie, New York, and San Jose, California. (Dkt. 30 at 6.) Thus, it appears that all of IBM's relevant documents are located close to *both* districts in question, and in fact, the most relevant documents are substantially closer to the Eastern District of Texas than the Northern District of California. There does not appear to be any dispute between the parties that whatever relevant documents are possessed by DSS, those documents are all located within the Eastern District of Texas.

The Court finds that this factor strongly weighs against transfer.

## 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

The only witnesses discussed in any detail in the parties' briefing are the named inventors of the patent-in-suit. DSS claims it has an agreement requiring the inventors to assist upon its request. IBM argues that that agreement is irrelevant. The Court disagrees, and notes that it can – and will, if necessary – compel DSS to take all steps to secure the attendance of relevant witnesses at trial, which it appears would suffice here. Notwithstanding this fact, however, IBM is correct that – despite the mitigating effect of the agreement in question – ultimately, the Court

does appear to lack compulsory process over the named inventors in the unlikely event it becomes necessary here. Accordingly, the Court finds this factor slightly favors transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

IBM has presented no factual basis or argument to suggest that this factor favors transfer.

### C. Public Interest Factors

#### 1. Local Interest in Having Localized Interests Decided at Home

IBM first argues that the Northern District of California has a local interest in this case because of "key IBM employees." (Mot. at 10-11.) To the extent that IBM's position is staked upon a connection not to "the events that gave rise to this suit," as suggested by *In re Volkswagen II*, but rather a connection of some residents of the Northern District of California, financial or otherwise, to IBM itself – the Court notes that this raises troubling fairness implications and affords it little weight. 545 F.3d at 318. More importantly, though, is IBM's contention that "any alleged infringement by IBM would necessarily be connected to significant events in [the Northern District of California] because of the development that took place there. (Mot. at 11.) If true, this would indeed be relevant, but IBM's contention is not supported by the record before the Court. Rather, under IBM's own proffered theory, the fact that it appears that most of the development of the accused product took place in Texas rather than California does not support transfer. Accordingly, the Court finds that this factor slightly weighs against transfer.

#### 2. Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Court finds that the remaining public interest factors are neutral.

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that IBM has failed to meet its burden of showing that the transferee venue is "clearly more convenient" than the transferor venue. Accordingly, the Motion is **DENIED**.

**SIGNED this 11th day of August, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE